BOUND v. SOUTH CAROLINA RY. CO. et al.

Ex parte EVANS.

(Circuit Court, D. South Carolina.   May 11, 1894.)

RECEIVERS (§ 155*)—JUDGMENT AGAINST RECEIVER—INTEREST.
    Liabilities of a federal receiver operating a railroad for negligence of his agents in the course of the business are a part of the expenses of operation, and, where evidenced by judgment of a state court, the question whether the judgment bears interest must be determined by the law of the state.

    [Ed. Note.—For other cases, see Receivers, Cent. Dig. § 288; Dec. Dig. § 155.*]

In Equity.   Suit by F. W. Bound against the South Carolina Railway Company.   On petition of H. S. Evans.   Petition allowed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Smythe & Lee, for petitioner.
J. W. Barnwell, for receiver.

SIMONTON, Circuit Judge. The petitioner obtained a verdict against the receiver in the court of common pleas for South Carolina, sitting for Aiken county. He entered up judgment on the 15th October, 1892, in the sum of $1,066. The cause of action was in tort for negligence of the agent of the receiver. . A motion was made for a new trial and refused. The cause went up to the Supreme Court of the state, which affirmed the judgment below, with $45 costs. The remittitur was sent down, but no further judgment was entered. He now files his petition in this court, in the main cause praying payment of this judgment.

No question is made as to the validity of this judgment or of its conclusive character as between the parties. The only question is as to a claim which the petitioner makes for interest thereon from the date of the entry thereof.

. At common law judgments do not carry interest. Williamson v. Broughton, 4 McCord, 212; Thomas v. Wilson, 3 McCord, 166. In South Carolina interest was allowed upon judgments by Act Assembly 1815 (6 St. at Large, pp. 4 and 5), obtained on any cause of action bearing interest, and the provisions of the act are confined to such cases. But by the same session of the General Assembly another act was passed (6 St. at Large, p. 6), whereby it was provided that when there shall be an appeal from any final decision of any circuit court of law or equity in this state, and the final decision shall be against the appellant, interest on the amount recovered shall be allowed from the day the verdict was given to the time when the appeal shall be dismissed. This amount shall be indorsed on the execution and collected with the original debt. So although this verdict was in tort, and so did not of itself bear interest (Daub v. Martin, 2 Bay [S. C.] 193), and as the cause of action was not interest bearing, the judgment could not carry interest (Trenholm v. Bumpfield, 3 Rich. Law [S. C.] 376; St. Pauls Church v. Washington, 3 Rich. Law [S. C.] 381; Bank v. Bowie, 3 Strob. [S. C.] 443), yet the act of assembly as the result of the dismissed appeal makes the interest a necessary consequence of and a part of the judgment, whether the cause of action carry interest or not (Kirk v. Richbourg, 2 Hill [S. C.] 352).

When this claim therefore comes into this court as fixed by the decision of the court of last resort in South Carolina, it consists of the original judgment, with the interest thereon pending the appeal as a necessary part thereof. The learned counsel for the receiver, denying interest on the claims, relies upon Thomas v. Western Car Co., 149 U. S. 116, 13 Sup. Ct. 824, 37 L. Ed. 663, quoting and adopting the decisions in Williams v. American Bank, 4 Metc. (Mass.) 323, and Thomas v. Minot, 10 Gray (Mass.) 263. There can be no doubt that when there is a fund of an insolvent estate in the hands of the court, to be marshaled and distributed, and creditors come in and prove their claims, interest is not allowed upon the claims proved as against the fund from the date at which they are established. And for two rea-

sons. One is that the delay, if any, in the settlement, is the act of the law, and interest therefore, cannot be awarded as damages. Perhaps another reason is that, the estate being insolvent, it is as broad as it is long to withhold the interest calculation on all claims. This is the conclusion reached from the cases quoted. But even in those cases, where one having an interest bearing demand proves it, he proves for the whole amount of principal and interest due at the time of the proof. And on this aggregate no further interest is allowed. But the present case bears no analogy to that. The receiver of the railway company placed in charge of it conducted its business as a railroad exercising its franchises, and as such receiver he is liable for all expenses incident to this business. Among these expenses, incident to the business, are claims arising against him for the negligent conduct of his agents. These expenses he pays out of the earnings of the road in his hands, and they must always be deducted before the net result of his operations can be ascertained. So far as his business as receiver in this respect is concerned, he is not insolvent. There are in his hands ample funds to meet his expenses in conducting his business, the first charge on the earnings. The judgment of a court of competent jurisdiction, and the law which governed that court, and in this matter controls us, has fixed the amount of the claim, a privileged claim. And no occasion arises for marshaling claims of equal rank with it. The petitioner is entitled to interest on his verdict from the day it was rendered, October 15, 1892. to the day the appeal thereupon was dismissed, and the costs of the Supreme Court.

Let an order be taken directing this payment.