MEYER RUBBER CO. v. GEORGETOWN & W. R. CO.

In re JONES.

(Circuit Court, E. D. South Carolina. May 26, 1909.)

1. JUDGMENT (§ 828*)—ACTION AGAINST FEDERAL RECEIVER IN STATE COURT —CONCLUSIVENESS AND OPERATION OF JUDGMENT.

Under Act March 3, 1887, c. 373, § 3, 24 Stat. 554 (U. S. Comp. St. 1901. p. 582), which authorizes the suing of a federal receiver in respect of any act of his in carrying on the business without the previous leave of the court which appointed him. but such suit to be subject to the general equity jurisdiction of said court, a judgment rendered against such a receiver by a state court in an action brought against him to recover damages for the death of an employé is conclusive on the federal court as to the existence and amount of the plaintiff's claim; but the time and manner of its payment must be controlled by such court.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1504–1509; Dec. Dig. § 828.*

Conclusiveness as between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan. 21 C. C. A. 478; Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468.]

---

2. RECEIVERS (§ 155*)—EXPENSES OF CONTINUANCE OF BUSINESS—DAMAGES FOR INJURY TO EMPLOYÉ.

Damages for injuries to employés of a receiver of a railroad are a part of the operating expenses and should be paid as such from the earnings of the property.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 288; Dec. Dig. § 155.*]

3. INTEREST (§ 22*)—RIGHT TO INTEREST.

Under Civ. Code S. C. 1902, § 1660, all money judgments of the courts of that state are entitled to draw interest at 7 per cent.

[Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 43–53; Dec. Dig. § 22.*]

In Equity. Suit by the Meyer Rubber Company against the Georgetown & Western Railroad Company. In the matter of the intervention of Leila A. Jones, as administratrix of the estate of James A. Jones, deceased. Claim of intervener against receiver allowed.

W. B. Gruber and Walter Hazard, for petitioner.

Le Grand G. Walker, Henry E. Davis, and Willcox & Willcox, for receiver.

BRAWLEY, District Judge. This is a petition of Leila A. Jones, as administratrix, setting up a judgment against the receiver, and praying an order directing payment thereof, which petition, on motion of the receiver, was referred to the standing master, D. B. Gilliland, with instructions to take the testimony on the issues raised and report the same to this court. Freeman S. Farr was appointed by this court in December, 1902, as receiver of the Georgetown & Western Railroad Company, and was authorized and directed to carry on the business of that company. Said receiver died February 28, 1905, and P. A. Willcox was appointed as successor. Petitioner's intestate was in the employment of the receiver as an engineer, and on December 3, 1904, while so engaged in operating one of the locomotives in hauling a log train, the engine was derailed, and the engineer was killed. Leila A. Jones, the petitioner, having been duly appointed as administratrix of the estate of her husband, commenced on action February 2, 1906, against P. A. Willcox, as receiver, in the court of common pleas for Georgetown county. The case was tried at the June term of said court in 1906; the jury rendering a verdict in favor of the plaintiff for $7,500. Motion for new trial was made, and, the same being overruled, an appeal was taken to the Supreme Court of the state of South Carolina, which court subsequently rendered its judgment, dismissing the appeal, and affirming the judgment of the court below. 79 S. C. 69, 60 S. E. 231. The petition for rehearing was filed, which was refused, and the mandate of the Supreme Court was transmitted to the circuit court.

The receiver contends that inasmuch as Act Cong. March 3, 1887, c. 373, § 3, 24 Stat. 554 (U. S. Comp. St. 1901, p. 582), which provides that any receiver appointed by any of the courts of the United States may be sued without previous leave of the court, contains a proviso that such suits shall be subject to the general equity jurisdiction of the court in which such receiver was appointed, so far as the same

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

shall be necessary to the ends of justice, it is within the power of this court to review the judgment of the state court. If this petition sought to deprive the receiver of the possession of the property, or attempted to subject any portion of it to a lien, the enforcement of which would have the effect to impair the value of it as a whole, there can be no doubt that it would be the right and duty of the court, under its general equity jurisdiction, to adjust the equities between all persons having claims against the property, and to provide for a just distribution of the funds, according to the rights of the several parties interested in it; but I am of opinion that the judgment of the state court is conclusive. That court had jurisdiction of the parties and of the cause of action. The plaintiff had the right, under the act of Congress, to sue in that jurisdiction, and the leave of this court was not necessary. It is not a case of an issue out of chancery, where the chancellor directs an issue to be tried by a jury, where he is doubtful of the facts and wishes to inform his conscience. The finding of the jury in such a case is advisory only, and may be disregarded. Prior to the act of 1887, a receiver could not be sued without leave of the court which appointed him; but that act gave the right to sue the receiver in any court having jurisdiction of the subject-matter and of the parties.

I must hold therefore that the judgment of the state court is conclusive as to the existence and amount of the petitioner's claim. The time and manner of its payment must be controlled by the court appointing the receiver. Central Trust Co. v. St. Louis, A. & T. R. R. Co. (C. C.) 41 Fed. 551; Dillingham v. Hawk, 60 Fed. 494, 9 C. C. A. 101, 23 L. R. A. 517. Damages to employés are a part of the operating expenses and should be paid as such. The report of the standing master and the accounts of the receiver on file in this court satisfy me that he has received sufficient income from the operation of the road to pay this claim.

In behalf of the receiver, it is contended that the petitioner is not entitled to interest upon her judgment, and reliance is had upon a decision of Judge Simonton in Bound v. S. C. Railway Co. et al., 174 Fed. 729. Any opinion of Judge Simonton would be justly entitled to and would have great weight with me, but his decision in that case seems to rest upon his construction of the act of 1815 (Act S. C. Dec. 15 [6 St. at Large, pp. 4 and 5]), and the decision of the Supreme Court of South Carolina construing that act. It seems to me that, under section 1660 of the Civil Code of South Carolina of 1902, all money decrees and judgments of courts are entitled to draw interest at the rate of 7 per cent.

It is therefore ordered, adjudged, and decreed that P. A. Wilcox, as receiver, do pay to Leila A. Jones, as administratrix of the estate of James A. Jones, deceased, the sum of $7,986.33, with interest thereon at the rate of 7 per cent. per annum from February 5, 1907, to the date of such payment, and the further sum of $79.50, with interest thereon at the rate of 7 per cent. per annum from April 28, 1908, to date of payment; and that he do also pay the costs and necessary disbursements incurred in this proceeding, to be taxed by the clerk, said payments to be made within 30 days from the date of the filing of this order, of which written notice shall be given by the clerk.