## BINKLEY v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. June 29, 1922.)

### No. 5874.

1. **Contempt ⟨⟩66(7)—Circuit Court of Appeals confined to matters of law on writ of error to review judgment of District Court in contempt proceedings.**

    On writ of error to review judgment of District Court in contempt proceedings, the Circuit Court of Appeals will not try the case de novo, but will consider merely matters of law.

2. **Contempt ⟨⟩44—Court by which order was made had jurisdiction in contempt proceedings for violation of order, though acts constituting contempt took place in other district.**

    The District Court in which a receivership proceeding was pending had jurisdiction to punish a person for contempt for violation of an order made in such receivership proceeding, even though the acts constituting the contempt took place in another district.

3. **Contempt ⟨⟩60(2)—Testimony as to declarations of defendant held admissible on question of intent.**

    In contempt proceedings for interference with operation of railroad by receiver, in violation of order made by the court in the receivership proceeding during a strike, testimony as to declarations of the defendant in regard to an organization which was arrayed against the strikers, and in regard to other employees of the railroad, *held* admissible to show the feeling of the defendant toward the manner of the operation of the railroad by the receiver, on the question of contempt.

4. **Contempt ⟨⟩66(7)—District Court's finding of fact has force of finding of fact by jury.**

    In contempt proceedings, the District Court's finding of fact has the force and effect of a finding of fact by a jury, and the only question for

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the Circuit Court of Appeals on writ of error is whether there is any substantial evidence to support the finding.

**5. Contempt ☞60(3)—Evidence held to show defendant in contempt by interfering with operation of railroad by receiver.**

In contempt proceedings, in which it was charged that defendant interfered with the operation of the railroad by the receiver, in violation of an order made in receivership proceeding, evidence *held* to sustain judgment adjudicating the defendant in contempt.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Claude Binkley was adjudged in contempt of court, and he brings error. Affirmed.

E. G. Mitchell, of Harrison, Ark., for plaintiff in error.

Charles F. Cole, U. S. Atty., of Batesville, Ark., W. A. Utley, Asst. U. S. Atty., of Benton, Ark., and June P. Wooten, Sp. Asst. U. S. Atty., of Little Rock, Ark.

Before LEWIS and KENYON, Circuit Judges, and JOHNSON, District Judge.

KENYON, Circuit Judge. At the time of the matters in controversy in this case the Missouri & North Arkansas Railroad Company was in the hands of a receiver, appointed by the District Court of the United States in and for the Eastern District of Arkansas. On the 28th day of March, 1921, C. A. Phelan, receiver of the said Missouri & North Arkansas Railroad Company, filed a petition, supported by affidavit of one Green, asking for issuance of a writ of attachment against Claude Binkley for contempt of court in violating a certain order of the court, which order had previously been issued and is as follows:

"In the District Court of the United States for the Western Division of the Eastern District of Arkansas.

"St. Louis Union Trust Company, Plaintiff, v. Missouri & North Arkansas Railroad Company, Defendant.

"It appearing from the verified petition of C. A. Phelan, Esq., receiver in the above-entitled cause, that certain persons formerly in his employ are interfering with the operation of said railroad in conformity with the directions of the court, by burning bridges, taking up rails, stoning cars, and assaulting employees of the said receiver in the operation of the road, and that unless protected by this court it is impossible for the said receiver to operate said railroad:

"It is therefore by the court ordered that the marshal of the United States for the Eastern district of Arkansas appoint one special deputy for the protection of the said railroad to be stationed at Shirley, one at Heber Springs, one at Kensett, and one at Cotton Plant, and arrest any person or persons interfering with the operation of said road or any of the employees for the purpose of preventing them from discharging their duties as such employees and produce them in court; that the expense of said marshals be paid by the receiver. [Signed] Jacob Trieber, Judge."

[1] The court thereupon directed that writ of attachment issue against plaintiff in error, Claude Binkley. He was brought before the court and proceedings were duly had, resulting in a finding that said Claude Binkley had violated the order of the court and was in con-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tempt. On April 16, 1921, upon hearing, Binkley was adjudicated guilty of contempt, and it was ordered that he be confined in the county jail of Saline county for 60 days as punishment therefor. Counsel for plaintiff in error contends in argument that the cause is before this court for hearing de novo. We do not so understand the law. The Supreme Court of the United States in Bessette v. W. B. Conkey Co., 194 U. S. 324, 338, 24 Sup. Ct. 665, 671 (48 L. Ed. 997), says:

"Considering only such cases of contempt as the present—that is, cases in which the proceedings are against one not a party to the suit, and cannot be regarded as interlocutory—we are of opinion that there is a right of review in the Circuit Court of Appeals. Such review must, according to the settled law of this court, be by writ of error. * * * On such a writ only matters of law are considered. The decision of the trial tribunal, court or jury, deciding the facts, is conclusive as to them." Stewart v. U. S., 236 Fed. 838, 843, 150 C. C. A. 100, 105.

With only matters of law to be considered, therefore, we turn our attention to the assignments of error. The first assignment alleges error in overruling defendant's demurrer to the charge, for the reason that the petition and affidavit do not sufficiently state facts showing a contempt of court. Considering the affidavit, the original order, the order of attachment—in other words, taking everything together—we think there was sufficient to fully acquaint plaintiff in error with the charge against him.

[2] The second question raised under the assignments of error is that the court erred in overruling the demurrer to the jurisdiction, because the alleged offense was committed, if committed at all, in the Western district of Arkansas, and not in the Eastern district, where the plaintiff in error was cited for trial. It must be borne in mind that the court of the Eastern district was the court in which the receivership matter was pending. The offense, if offense at all, was a contempt of the court of the Eastern district, even though the acts constituting the contempt took place in the Western district.

[3] The next question raised under the assignments of error is that the court erred in permitting witnesses to testify as to what the plaintiff in error had said about the Citizens' League, which apparently was arrayed against the strikers, and what he said about other employees of the railroad than Green. We find no error in this, as the testimony was admissible to show the feeling of Binkley toward the manner of operation of the railroad by the receiver. It is earnestly claimed by plaintiff in error that he had no thought in his mind of any malice toward the receiver, and no intention to interfere with the operation of the railroad. This testimony would be admissible to show his condition of mind on that particular subject, as bearing upon the question of his intent.

[4] The important question, however, arises under the eleventh, twelfth, and thirteenth assignments of error, which practically present but one proposition, namely, that the evidence is not sufficient to support the finding of guilt by the court. Bearing in mind, as before pointed out, that the finding of fact by the court has the force and effect of a finding of fact by a jury, the case is narrowed to a single

proposition: Is there substantial evidence to support the finding of the court?

[5] The order is against persons interfering with the operation of said road or any of the employees, for the purpose of preventing them from discharging their duties as such employees. Green, before the time he entered the service, would not come under that part of the order with reference to employees. While the first remarks of Binkley to Green settled Green's mind to go to work, as he testifies, the later talks and threats were made after Green was an employee, and with the intent to make difficult, and drive him from, his work. Such action was in contempt of the order. Plaintiff in error knew of the receivership, and knew he would be in contempt of court, if he made any effort to prevent Mr. Green from working for the receiver. He admits this in his examination, as shown on page 53 of the transcript. The testimony of witness, Langley, as appears on page 61, shows that Binkley had full knowledge of the hazards involved in interfering with the operation of a railroad by a receiver, appointed by and acting under order of court.

We have reviewed the evidence carefully. There is substantial evidence to support the finding of the trial court. The judgment is therefore affirmed.