### McGIBBONY v. LANCASTER et al.

(Circuit Court of Appeals, Fifth Circuit. January 16, 1923.)

No. 3949.

1. Injunction ⊕➝223(2)—Attempting to induce employees of receivers to quit violation of injunction.

Attempting by threats, abuse. and intimidation to induce employees of railroad receivers to quit their employment is a violation of the injunction issued on appointment of the receivers, restraining all persons from interfering with their operation of the property under orders of the court.

2. Injunction ⊕➝229—Jurisdiction to punish violation of injunction.

Where a railroad receivership has been extended to the other districts within the circuit into which the railroad extends, under Judicial Code, § 56 (Comp. St. § 1038), the court appointing the receivers has jurisdiction to punish a violation of the injunction issued on making the appointment, though the act was committed in another district.

3. Jury ⊕➝13(21)—Person charged with violation not entitled to jury trial.

Clayton Act, § 22 (Comp. St. § 1245b), giving a person charged with contempt "in all cases within the purview of this act" the right to a trial by jury, does not apply to violations of an injunction restraining interference with receivers appointed by the court, which are not within the purview of the act.

---

⊕➝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Western District of Louisiana; Rufus E. Foster, Judge.

On rule for contempt by J. L. Lancaster and another, as receivers of the Texas & Pacific Railway Company against C. W. McGibbony. Judgment against defendant, who brings error. Affirmed.

John Howell Pugh, of Plaquemine, La., and A. T. Higgins, of New Orleans, La., for plaintiff in error.

Esmond Phelps, of New Orleans, La. (Esmond Phelps and Spencer, Gidiere, Phelps & Dunbar, all of New Orleans, La., on the brief), for defendants in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. [1] In a suit brought in the District Court of the United States for the Western District of Louisiana by B. F. Bush, as receiver of the railroad and properties of St. Louis, Iron Mountain & Southern Railway Company, against the Texas & Pacific Railway Company, that court, on October 27, 1916, appointed receivers of the properties of the Texas & Pacific Railway Company, and issued an injunction containing the usual clause restraining and enjoining all persons "from interfering in any manner to prevent the discharge by said receivers of their duties in the operation of the property and premises under the orders of this court." By proceedings in pursuance of the provisions of section 56 of the Judicial Code (Comp. St. § 1038) the receivers so appointed were vested with jurisdiction and control over all property, the subject of the suit, lying and being in several districts of the Fifth judicial circuit including the Eastern district of Louisiana and the Eastern district of Texas. On July 22, 1922, a rule for contempt was filed in the court below by the United States on the relation of such receivers against the plaintiff in error (herein called the defendant). It was alleged in the rule that on the 24th day of July, 1922, while said injunction was in full force and effect, the defendant, with full knowledge thereof, and that J. G. Roney was in the employ of said receivers at Marshall, Tex., as an assistant engineer, and with the intention of interfering with and obstructing the operation of the railroad by the receivers, "did at Marshall, in the state of Texas, by threats, abuse, intimidation, and terrorization, attempt to compel said J. G. Roney to leave and desert from his employment as aforesaid." After overruling an objection to the jurisdiction of the court to adjudge the defendant guilty of contempt for doing what was alleged, and a demand for a trial by jury, the court heard evidence, found the defendant guilty of contempt, and sentenced him to confinement in a named house of detention for the period of 60 days.

[2] The conduct alleged was a violation of the injunction, which was punishable by the court as a contempt. In re Higgins (C. C.) 27 Fed. 443. The fact that the act charged was committed in the Eastern district of Texas did not deprive the court below of jurisdiction. Public Utilities Commission v. Landon, 249 U. S. 236, 39 Sup. Ct. 268, 63 L. Ed. 577; Binkley v. United States (C. C. A.) 282 Fed. 244.

[3] The demand for a trial by jury was based upon the provision of section 22 of the Clayton Act that:

"In all cases within the purview of this act such trial may be by the court, or, upon demand of the accused, by a jury." U. S. Comp. Stat. § 1245b.

The terms of the quoted provision show that it was intended to be applicable only "in all cases within the purview" of the act of which it is a part. A suit such as the one in which the receivers were appointed and the injunction in question was issued is not a case within the purview of the Clayton Act. Nothing in that act indicates an intention to limit or abridge the power of the court to punish for contempt in a case not within the purview of that Act, which dealt with cases under the anti-trust laws of the United States, and cases between employers and employees, etc., involving or growing out of disputes concerning terms or conditions of employment. Swift v. Black Panther Oil & Gas Co., 244 Fed. 20, 156 C. C. A. 448; Canoe Creek Coal Co. v. Christinson (D. C.) 281 Fed. 559.

We are of opinion that the allegations of the rule clearly informed the defendant of the charge made against him, and that evidence adduced warranted the conviction complained of.

No error being shown, the order or judgment under review is affirmed.