## DUNHAM v. UNITED STATES ex rel. KANSAS CITY SOUTHERN RY. CO.

(Circuit Court of Appeals, Fifth Circuit. April 24, 1923.)

No. 3998.

**1. Contempt ⬦45—Provision as to venue for trial of crimes inapplicable to trial of criminal contempt.**

Judicial Code, § 53 (Comp. St. § 1035), relating to the venue of the trial of crimes and offenses is inapplicable to the trial of a criminal contempt, since it is the court whose judgment or order which has been defied which must try the contempt and pronounce judgment.

**2. Contempt ⬦66(7)—Presumed that charge correctly submitted questions to jury.**

Where the transcript of record does not purport to contain the evidence, or any portion thereof, and does not contain the charge of the court to the jury, and no exceptions are recorded to its charge, it is to be presumed that the charge correctly submitted to the jury every question necessary to be found by them, in order to support the verdict of guilty of contempt.

**3. Injunction ⬦230(2)—Affidavits held sufficient to support rule for criminal contempt.**

Affidavits showing an assault on an employé of a railroad during existence of injunction against certain acts by strikers *held* sufficient to support the rule for a criminal contempt.

**4. Injunction ⬦230(2)—Averments of moving papers held to sufficiently charge interference with interstate commerce.**

Averments of moving papers in contempt proceeding that petitioner was an interstate carrier and engaged in the carrying of the United States mails, and that petitioner's employé was assaulted by defendant during a strike and existence of an injunction against strikers, *held* to sufficiently charge an interference with interstate commerce, and to show that defendant had knowledge of the terms of the injunction.

**5. Witnesses ⬦345(1)—Accusation of offense held incompetent to impeach witness.**

In criminal contempt proceeding, court did not err in refusing to allow evidence that witness for the prosecution had been accused of a crime wholly disconnected from the transaction in question, and of a different nature from the acts involved in the contempt; the sole purpose of such evidence being to impeach the witness.

In Error to the District Court of the United States for the Western District of Louisiana; George W. Jack, Judge.

Proceeding by the United States, on the relation of the Kansas City Southern Railway Company, against Leslie Dunham, for contempt. From a judgment of conviction, defendant brings error. Affirmed.

Joseph Moore and Melvin F. Johnson, both of Shreveport, La., for plaintiff in error.

Philip H. Mecom, U. S. Atty., Aubrey M. Pyburn, Asst. U. S. Atty., and Wilkinson, Lewis & Wilkinson, all of Shreveport, La., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The Kansas City Southern Railway Company had filed a bill in equity against the International Association

of Machinists and others in the United States District Court for the Western District of Louisiana, at Shreveport, to enjoin said association and others from interfering with or obstructing said railway company in the operation of its trains or conducting its business as a common carrier of interstate commerce, or in carrying the mails, and also from interfering with any persons engaged in the service of the railway company or seeking employment from it in connection with said business, by personal injury, abusive epithets, or intimidation. On July 11, 1922, a temporary injunction was granted, enjoining certain named defendants, and all other persons who should by personal service or otherwise receive actual notice of said temporary injunction, from obstructing or interfering with said railway company or any one engaged in its service, or seeking employment from it, as above prayed, in actual concert with the defendants named, their officers, agents, servants, employees, or attorneys, or by participating with them.

On August 3d said railway company presented to said court its petition, alleging that on August 2, 1922, the plaintiff in error, Dunham, with others, unlawfully assaulted and beat up one W. C. Powell, an employee of said railway company, in furtherance of a conspiracy to prevent the conduct of its business as an interstate carrier and as a carrier of the United States mails, by intimidating, bulldozing, and beating its employees, so as to prevent said railway from employing or keeping in its employ persons to operate said road, in direct violation of said injunction. This petition was verified by one of the attorneys of the petitioning railway company and supported by an affidavit of said Powell setting forth the particulars of said assault. Said petition was entitled in the equity case in which said temporary injunction was granted.

Upon considering the petition and affidavit, the District Judge issued a rule directing Dunham to be apprehended and brought before the court at Shreveport, to be dealt with as the law might direct. Dunham was brought before the court at Shreveport on August 10, 1922, and admitted to bail in the sum of $1,500. The cause was ordered docketed on the criminal docket, to be proceeded with as a criminal case for criminal contempt, and the United States attorney ordered to be notified thereof by the clerk.

A trial by jury was ordered by the court, on the respondent's request, and the cause set for August 18th. The respondent filed an exception to the jurisdiction of the court at Shreveport to hear the cause in the Shreveport division, on the ground that the alleged contempt took place in the Lake Charles division of the Western district of Louisiana, and that the proceedings, being criminal, could only be tried there. This exception was overruled.

Demurrers, general and special, were interposed, and overruled, except that the court sustained a special demurrer to the insufficiency of the allegation that the contempt was committed as a part of a conspiracy to interfere with interstate commerce, and allowed the movant to amend the petition, so as to allege that the act of contempt was done as a part of a conspiracy to interfere with such commerce. Respondent Dunham then answered, denying the charge. He admitted

a general knowledge by hearsay of the injunction, but averred that he understood it to apply only to the strikers.  On the trial the jury found Dunham guilty of the contempt charged, recommending him to the mercy of the court.  The court sentenced the defendant to be confined for six months in Caddo parish jail and pay a fine of $500.  The respondent has prosecuted a writ of error to this court to review said judgment.

1. Respondent insists that, as this is a criminal contempt, and as the acts, committed in pursuance of the conspiracy charged as the contempt, were alleged to have been committed in the Lake Charles division of the Western district of Louisiana, such contempt proceeding could be maintained, and a trial thereof had, only in said Lake Charles division, because of the provision of the Judicial Code, § 53 (Comp. St. § 1035), which provides that prosecutions for crimes or offenses shall be had within the division of the district where the same is committed, unless transferred for prosecution to some other division of said district upon application of the defendant.

[1] This provision as to the venue of the trial of crimes and offenses was clearly inapplicable to the trial of a criminal contempt, when such contempts were tried before the judge alone, and no right to demand a jury had been conferred.  The right to demand a jury was conferred by the Clayton Act (Comp. St. § 1245b) in the cases mentioned therein, and the same section which accords such right provides that the trial shall be had "at a time and place fixed by the court," with the general provision that the trial shall conform, as near as may be, to the practice in criminal cases prosecuted by indictment or upon criminal information.

We do not think the purpose or meaning of this act was to require that the place of the trial should be in the division of the district in which the acts were committed constituting a contempt.  A proceeding for contempt springs out of a litigation instituted in a particular court.  Its principal object is to secure obedience to the orders of that court, by punishing as a contempt disobedience thereof.  It is the court whose judgment or order has been defied which must try the contempt and pronounce judgment.  The provision for the trial of crimes and offenses in the division of the district where committed (a provision of law subject to alteration by the Congress) is certainly not more mandatory than the constitutional provision requiring the accused to be tried in the district wherein the crime shall have been committed.

If the place of the trial for a criminal contempt must be in the district where the acts constituting it were committed, then where such acts were committed in a different district than that of the court whose order had been contemned, such court would be powerless to deal punitively with the violation of its injunctive orders, and the trial and punishment of such contempt would have to be by a different court from that whose order had been defied.  This would clearly be an alteration of the entire idea of a contempt, and in derogation of the power of a court to deal with violators of its orders.  The essential act of contempt is the disrespect shown to the order of the court and the disobedience thereof.  In this case that was a disrespect and dis-

obedience of the orders of the court sitting at Shreveport, and was a contempt of the United States District Court at Shreveport, even if the acts evidencing the contempt took place in the Lake Charles division. The court at Shreveport was the court to deal with it. Binkley v. United States (C. C. A.) 282 Fed. 244, 246.

[2] 2. The transcript of record in this case does not purport to contain the evidence or any portion thereof; nor does it contain the charge of the court to the jury, and no exceptions are noted to its charge. It is therefore to be presumed that the charge correctly submitted to the jury every question necessary to be found by them in order to support the verdict, and that the evidence fully warranted the verdict rendered.

[3] 3. The facts charged in the affidavits upon which the rule was issued were sufficient to support a rule for a criminal contempt. They showed that a criminal assault had been committed upon the employee of the railroad; that it prevented him from pursuing his work as an employee. The court, before any pleadings were filed by the respondent, had the case docketed as a criminal contempt, and the prosecution thereof was placed in the charge of, and conducted by, the United States attorney. The judgment of the court punished the respondent for his acts of contempt, and was not in the nature of a remedial judgment for the benefit of either of the parties in the case in which the temporary injunction was granted. We therefore think that the facts charged and the nature of the proceeding show that this was properly instituted and conducted as a criminal contempt, and the grounds of the demurrer attacking the same as such were not well founded. Gompers v. Buck's Stove & Range Co., 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874.

[4] 4. The sworn averments of the moving papers showed that the Kansas City Southern Railway Company was an interstate carrier and also engaged in the carrying of the United States mails; that Powell was its employee, engaged in keeping in order its telegraph wires, used in such business; that the respondent and others interfered with the conduct of this work, ordered him to leave the town of De Quincy and the parish of Calcasieu, and criminally assaulted him, incapacitating him for service. We think these allegations sufficiently charged an interference with interstate commerce.

5. There was a sufficient averment in the petition upon which this rule for contempt was issued to charge Dunham with actual knowledge of the terms of the injunction; the evidence not being in the record, we presume that it fully showed his actual knowledge.

[5] 6. We do not think that the court erred in refusing to allow evidence that the witness Powell had been accused of a crime wholly disconnected from the transaction in question and of a different nature from the acts involved in the contempt; the sole purpose of such evidence being to impeach the witness. 26 R. C. L. 627; Glover v. United States, 147 Fed. 426, 430, 77 C. C. A. 450, 8 Ann. Cas. 1184. We find no ground of error assigned which would warrant a reversal of the judgment.

The judgment of the District Court is affirmed.