SULLIVAN et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. January 20, 1925.)

No. 6241.

1. Injunction ⟷229—Court issuing injunction against interference with interstate commerce has jurisdiction to punish for its violation in another district of the state.

An injunction restraining interference with the operation of a railroad in interstate commerce necessarily extends into other districts of the state, and the court issuing it has jurisdiction to punish for contempt for its violation in another district of the state.

2. Contempt ⟷45—Statutory provision fixing venue for trial of crimes not applicable to trial for criminal contempt.

Judicial Code, §§ 53, 54 (Comp. St. §§ 1035, 1036), relating to venue for trial of crimes and offenses, are inapplicable to trials for criminal contempts, which are triable by the court against which the contempt is committed.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Prosecution by the United States against Harry Sullivan and H. A. Speight for criminal contempt. Judgment of conviction, and defendants bring error. Affirmed.

Allyn Smith, of Cotter, Ark., for plaintiffs in error.

Before SANBORN and KENYON, Circuit Judges, and BOOTH, District Judge.

SANBORN, Circuit Judge. The St. Louis-San Francisco Railway Company was, in the summer of 1922, and long had been, a railroad corporation engaged in the transportation of passengers and freight in interstate commerce through the states of Missouri, Oklahoma, and Texas. It commenced a suit in equity in the United States District Court for the Western District of Oklahoma against the International Association of Machinists and many individual defendants, and upon proper proof procured from that court on July 21, 1922, a preliminary injunction against the defendants named therein and all other persons affiliated, acting, confederating, combining, conspiring, or arranging with them, whereby such persons were restrained from interfering by violence or threats of violence with any person in the employ of the railway company, with any person desiring to be employed by such company, and by such means from in any way interfering with or hindering the operation of its railroad in interstate commerce. Upon evidence presented to the court which issued the in-

junction that at Tulsa, in the Eastern district of Oklahoma, Harry Sullivan, who was a member of the International Association of Machinists and had knowledge of the issuance and existence of the preliminary injunction, and H. A. Speight had violated it, that court on August 2, 1922, issued its writ of attachment to the marshal of its district, directing him to arrest Sullivan and Speight and bring them before that court on August 14, 1922, to show cause why they should not be punished for contempt. They were arrested in the Eastern district of Oklahoma, taken before Judge Williams, the judge of that district, who in due course ordered them to be extradited to Judge Cotteral of the Western district for trial. After their arrival before Judge Cotteral, that judge ordered a case entitled United States v. Harry Sullivan, H. A. Speight, et al., to be docketed in his court, and Sullivan and Speight were thereafter prosecuted by the United States in that case, tried, convicted, and sentenced for contempt of court.

Their counsel throughout the proceedings challenged the jurisdiction of the United States District Court of the Western District of Oklahoma to enjoin any one in the Eastern district of Oklahoma from interfering with the interstate commerce of the railway company, to try, convict, or sentence in the Western district of Oklahoma any one for violation of the injunction in the Eastern district. In the case before this court he relies exclusively upon the proposition that the United States District Court of the Western District of Oklahoma had no jurisdiction to enjoin interference with the interstate commerce of the railway company in the Eastern district, and that it had no jurisdiction to try Harry Sullivan or H. A. Speight for a violation of the interlocutory injunction.

[1, 2] But the railway company, by the commencement of the suit below, invoked the power of the United States, by the exercise of the jurisdiction of that court, to prevent interference with the interstate commerce of that corporation. That interstate commerce necessarily extended into other districts and states. Protection of it in the Western district of Oklahoma alone would be utterly futile, and when the power of that court to protect it was lawfully invoked by the presentation of its bill in equity, that court had plenary jurisdiction, and it was its duty to protect it throughout the state of Oklahoma. Binkley v. United States (C. C. A.) 282 F. 244, 246; Myers v. United

States, 264 U. S. 95, 44 S. Ct. 272, 68 L. Ed. 577; McGibbony v. Lancaster (C. C. A.) 286 F. 129, 130; Dunham v. United States (C. C. A.) 289 F. 376, 379; McCourtney v. United States (C. C. A.) 291 F. 497. These authorities also hold, and undoubtedly correctly, that the court which issues the injunction is the court against which the contempt is committed and the court which has jurisdiction to deal with it, and that sections 53 and 54 of the Judicial Code (Comp. St. §§ 1035, 1036), relating to venue, invoked by counsel for plaintiffs in error, are inapplicable to the trial of criminal contempts (C. C. A.) 289 F. 378; (C. C. A.) 291 F. 499.

The judgments below must be affirmed; and it is so ordered.