**GUARANTY TRUST CO. OF NEW YORK et al. v. CHICAGO, M. & ST. P. RY. CO. et al.**

(District Court, W. D. Washington, N. D. February 19, 1926.)

No. 482.

Receivers &wkey;174(5)—Leave to sue receivers of property extending into other states of circuit may be granted only by court appointing them (Judicial Code, § 56 [Comp. St. § 1038]).

Under Judicial Code, § 56 (Comp. St. § 1038), District Court wherein receivership proceedings are pending has exclusive jurisdiction over all the fixed property involved, though extending into other states of the same circuit and the District Courts of other districts in which property is situated have no control over such property nor the receivers, and no power to grant leave to sue the receivers.

In Equity. Suit by the Guaranty Trust Company of New York and Merrill P. Callaway, as trustee, against the Chicago, Milwaukee & St. Paul Railway Company and others. Petition of G. M. Johnson and others for leave to sue receivers appointed by District Court of Montana. Denied, for want of jurisdiction.

Turner Nuzum & Nuzum, of Spokane, Wash., and Richard B. Harris, of Seattle, Wash., for petitioners.

John G. Brown, of Helena, Mont., for complainants.

George W. Korte, of Seattle, Wash., for receivers of Chicago, M. & St. P. R. Co.

Before CUSHMAN and BOURQUIN, District Judges.

BOURQUIN, District Judge. Of this court petitioners ask leave to sue receivers appointed by the federal court of Montana

13 F.(2d)—9

and whose powers have been extended to the state of Washington by virtue of section 56, Judicial Code (Comp. St. § 1038). The facts are that petitioners long since brought suit in a court of this state to constrain the defendant railway company to specific performance of the usual agreement in respect to the seniority rights of trainmen. Thereafter receivership proceedings were instituted in a federal court of Illinois, and receivers appointed for all defendant company's property, and like proceedings, labeled ancillary, were instituted in the federal court in Montana and the same receivers likewise appointed. Pursuant to section 56, copies of the latter bill and order have been filed in this court.

The leave asked by petitioners is to implead the receivers in the suit in the state court. Despite petitioners' contention to the contrary, this court has no jurisdiction of the receivership proceedings, no authority over the receivers, and no power to grant, petitioners' request. The object of section 56 is to vest in the District Court wherein receivership proceedings are pending jurisdiction over all the fixed property involved, though extending into several other states of the same circuit, contrary to what the law was before it.

The jurisdiction thus created is like to that in any case—exclusive until the receivership proceedings are concluded. No other court has authority to interfere with the property, or to control the receivers in respect to custody and operation. In these respects the receivers are officers of the court which appointed them, and responsible to it alone. The mere filing herein of copies of bill and order does not transfer the suit to this court, nor commence a new suit ancillary or otherwise. All thus accomplished is recordation of the suit as instituted in Montana and of the receivership order made, to the end that reasonable notice may be given to all persons in this federal district, and that they may govern themselves accordingly. And if any person in this state infringes upon the rights of the receivership, he is responsible to the court in Montana, and not to this court, and can be held to account there and not here. See Public, etc., Com. v. Landon, 249 U. S. 236, 39 S. Ct. 268, 63 L. Ed. 577; McGibbon v. Lancaster (C. C. A.) 286 F. 129.

The last paragraph of section 56, that "process may issue and be executed within any district," is not happily phrased, may be ambiguous, but is not open to petitioners' construction that it authorizes in this court participation in the receivership proceedings.

In view of the entire section and its object, this paragraph reasonably imports only that the process of the court which appointed the receivers may be executed throughout the circuit. Otherwise would be to defeat the object of the section, aggravate the inconveniences, if not the evils, of the law before it, and foster confusion. That the bill as filed in Montana is labeled ancillary goes for nothing. It is the main case, so far as this district is concerned, and permits invocation of section 56.

Our conclusion is that this court has not jurisdiction of the receivership proceedings, and no power to grant the leave requested. Hence naught need be said of the otherwise impropriety of any the court's favorable action upon the petition. See Dickinson v. Willis (D. C.) 239 F. 171.

The petition is dismissed.