## LINK v. POWELL et al.
### No. 279.

District Court, W. D. South Carolina.
March 18, 1932.

Price & Poag, of Greenville, S. C., for petitioner.

Thomas F. McDow, of York, S. C., and William P. Greene, of Abbeville, S. C., for receivers of Seaboard Air Line Ry.

WATKINS, District Judge.

On December 23, 1930, pursuant to the provisions of section 56 of the Judicial Code (28 USCA § 117), L. R. Powell, Jr., and E. W. Smith were appointed receivers of the properties and franchises of Seaboard Air Line Railway Company by the District Court of the United States for the Eastern District of Virginia. On the same date in ancillary proceedings in the Fifth Judicial Circuit, the same receivers were appointed for said properties and franchises by the District Court of the United States for the Southern District of Florida. No other ancillary proceedings were had or applied for, but under the provisions of the act, certified copies of the bill and order were filed in every federal district in which the railway company owned fixed properties, including the Western District of South Carolina. Like certified copies of subsequent proceedings and orders in the cause have been from time to time filed with the clerk of this court, in accordance with the provisions of the act. Acting under authority of the order of their appointment, the said receivers entered into possession of all properties of the railway company lying within the Fourth Judicial Circuit, including the properties within the Western District of South Carolina, through which the lines of said railway extend, and have ever since been and are now operating the entire system of the said railway company.

Some time prior to the institution of the receivership proceedings, the petitioner, E. B. Link, in a suit at law had obtained a judgment against the railway company in the court of common pleas for Abbeville county, S. C., within this district; an appeal had been had to the Supreme Court of the state, which affirmed the judgment, 159 S. C. 538, 156 S. E. 481; and thereafter a petition for certiorari to the Supreme Court of the United States to review said judgment had been denied, 282 U. S. 900, 51 S. Ct. 212, 75 L. Ed. 792. On November 4, 1931, petitioner, through his attorneys, made application to this court for a rule to show cause, against said receivers, why the lien of the petitioner should not be fixed as a first and prior lien on the income, property, and franchises of the railway company in the county of Abbeville, S. C. Thereupon the court issued a rule requiring the respondents to appear on Monday, November 23, 1931, or as soon thereafter as counsel could be heard, to show cause why an order should not be passed declaring the judgment a prior lien on the real estate of the railway company in Abbeville county, S. C., as prayed for, and also permitting the petitioner to issue execution against the property, etc. The hearing upon this rule was postponed from time to time at the request and for the convenience of counsel; the matter being finally orally argued before me at my chambers in Anderson, S. C., on March 7, 1932. Thereafter, additional time was allowed counsel in order to permit them to file briefs. These briefs have now been presented to and carefully considered by the court, along with numerous other authorities which the court has examined in connection therewith.

The statute under which the receivers were appointed was enacted on March 3, 1911, 36 Stat. 1102, Judicial Code, § 56, 28 USCA § 117. The material portions of said act provide as follows: "Where in any suit in which a receiver shall be appointed the land or other property of a fixed character, the subject of the suit, lies within different States in the same judicial circuit, the receiver so appointed shall * * * immediately be vested with full jurisdiction and control over all the property, the subject of the suit, lying or being within such circuit;

* * * subject * * * to the filing and entering in the district court for each district of the circuit in which any portion of the property may lie or be, within ten days thereafter, of a duly certified copy of the bill and of the order of appointment. " * " In any case coming within the provisions of this section, in which a receiver shall be appointed, process may issue and be executed within any district of the circuit in the same manner and to the same extent as if the property were wholly within the same district; but orders affecting such property shall be entered of record in each district in which the property affected may lie or be."

Prior to the passage of this act and subsequent to the elimination of the Circuit Courts of the United States, objections had been voiced to the law as it then stood because of the territorial limitations upon the powers of district judges in the appointment of receivers for railroads whose systems extended over more than one district. The purpose of the legislation was thus stated by Representative Moon of Pennsylvania, as follows: "It applies only to the appointment of a receiver to take physical possession of property lying in a territory covering more than one district. In other words, it is to cure the only objection that I have ever heard urged against the elimination of the circuit courts. It applies to a case where a receiver is to be appointed by a district judge covering property that runs across an entire circuit and includes a great number of districts, and it provides that the action of the district judge sitting in one circumscribed district shall be conclusive in the appointment of a receiver only to preserve the status quo, and that shall be subject to confirmation of the circuit court of appeals or a circuit judge within thirty days." See note 28 USCA § 117, pp. 140, 141.

In construing the amendment it is important to bear in mind the purpose of its enactment and to consider whether the language used is appropriate to carry out such purpose. Where receivers are appointed pursuant to this act, they are immediately vested with full jurisdiction and control over all the property, the subject of the suit, lying or being within such circuit. No general limitations are placed upon the authority and jurisdiction of the district judge over any of the property within the circuit, other than the right of a circuit judge to disapprove said order within thirty days, and the further requirement that a certified copy of the bill and order of appointment shall be filed

and entered in the District Court for each district within the circuit within ten days. The concluding sentence of this section does not, in my judgment, in any way limit the power of the district judge granting the receivership, but on the other hand is intended to enlarge his jurisdiction so as to permit him to control the issue of process in other districts within the circuit than his own. In such cases, all that is required is that the orders affecting such property shall be entered of record in each district in which the property affected may lie or be. Prior to the passage of this act each district judge was limited in jurisdiction, both as to persons and as to property, to such as resided or was embraced in his district. The effect of the act was to enlarge his jurisdiction and make it complete over not only the receivers who might or might not reside in his district but who might reside in the circuit, but also over the res or property lying within other districts within the circuit as well as his own.

It must be remembered that the creation of judicial districts and the extent of the authority and jurisdiction of the district judges are both subject entirely to the control of Congress, and within constitutional limitations may be enlarged or curtailed as Congress may determine. Congress has created the District Courts as courts in bankruptcy. Section 70b of the Bankruptcy Act, 11 USCA § 110 (b), provides that all real and personal property belonging to bankrupt estates shall be appraised by three disinterested appraisers, who shall be appointed by, and report to, the court; and that real and personal property shall be sold subject to the approval of the court. Construing this provision, the Supreme Court, in the case of Robertson v. Howard, 229 U. S. 254, at page 263, 33 S. Ct. 854, 57 L. Ed. 1174, held that this provision makes it manifest that it was the purpose of Congress to give bankruptcy courts full and complete equitable power in matters of administration and sale of the bankrupt estate, wholly irrespective of the mere situs of the property; the controlling factor being, not where the property is situated, but did it pass to the trustee and is it a part of the estate subject to administration under the direction of the court. In referring to the case of Babbitt v. Dutcher, 216 U. S. 102, 30 S. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969, which held that courts in other districts than that in which bankruptcy was adjudicated possess power in proper cases to exert ancillary jurisdiction, the court stated that this case lends no support to the conten-

tion that the court which had full power could not exert its power without exerting the ancillary power of another and different court. It was therefore held that the bankruptcy court is not confined in the administration of the property of the bankrupt to state or district boundaries; and that it is not necessary to institute independent or ancillary proceedings in the different states in which the bankrupt's property is situated to sell real estate there located or to administer assets outside of the original district.

The general proposition is well settled that in the absence of special legislative authority, a receiver's right to sue in a foreign jurisdiction is not recognized upon principles of comity, as every jurisdiction in which it is sought by means of a receivership to subject the property to the control of the court, has the right and power to determine for itself who the receiver shall be and to control the distribution of the funds realized within its own jurisdiction. Great Western Mining & Manufacturing Co. v. Harris, 198 U. S. 561, 25 S. Ct. 770, 49 L. Ed. 1163. At the same time, it has been held in the more recent case of Public Utilities Commission for State of Kansas v. Landon, 249 U. S. 236, 39 S. Ct. 268, 63 L. Ed. 577, that the District Court, having extended its receivership under Judicial Code, § 56 (28 USCA § 117), over the entire business and property of a company engaged in interstate transportation in several states of the circuit, has jurisdiction of a dependent bill brought by the receivers to enjoin officials of those states from imposing rates alleged to be confiscatory, and burdensome to the interstate business. See, also, Landon v. Public Utilities Commission (D. C.) 234 F. 152, 155.

Counsel herein have brought to my attention only one case in which is discussed the effect of filing copies of the bill and order in each district within the circuit under the act in question. This is the case of Guaranty Trust Co. of New York v. Chicago, M. & St. P. R. Co. (D. C.) 13 F.(2d) 129, which was heard before two district judges. The opinion in that case contains an interesting and, I think, conclusive discussion relative to the object of the act in question and the lack of jurisdiction of the judge of another district than the one originally appointing receivers to entertain proceedings for the control or disposition of fixed property in the hands of the receivers. In that case it was held that the jurisdiction of the court originally appointing the receivers is exclusive until the receivership proceedings are concluded; and

that no other court has authority to interfere with the property, or to control the receivers in respect to custody and operation. That the filing of copies of the bill and order does not transfer the suit to the local court, nor commence a new suit, ancillary or otherwise. See, also, McGibbony v. Lancaster (C. C. A.) 286 F. 129; Binkley v. United States (C. C. A.) 282 F. 244; Public Utilities Commission v. Landon, 249 U. S. 236, 39 S. Ct. 268, 63 L. Ed. 577.

It must be borne in mind that the exact question at issue here is not the determination of whether the petitioner is entitled to sue the receivers or to establish some right or to procure the adjudication of a claim against the property to be administered. In that respect, his rights had been finally determined by judicial proceedings before the receivership was granted. The question here extends further; that is, to the actual administration of the receivership properties, the adjustment of priorities among claimants, and the manner in which the funds in the hands of the court shall be applied to receivership obligations. No law is more firmly settled than that the court having jurisdiction, both of the receivers and of the subject-matter, has exclusive power to administer the entire estate and property. Under the act permitting suit against the receivers without previous leave of the court, a litigant may pursue his claim to judgment, but no authority can be found which would permit him to go further and levy that judgment upon the property which has already been sequestered by order of the court. See In re Tyler, 149 U. S. 164, 13 S. Ct. 785, 37 L. Ed. 689; Wiswall v. Sampson, 14 How. 52, 14 L. Ed. 322; Fidelity Ins., T. & S. D. Co. v. Norfolk & W. R. Co. (C. C.) 114 F. 389, 390; Mississippi Valley Trust Co. v. Railway Steel Spring Co. (C. C. A.) 258 F. 346; In re K–T Sandwich Shoppe of Akron, Inc. (D. C.) 34 F. (2d) 962. An unusually clear statement of the rule is set out by Judge Phillips in New York Security & Trust Co. v. Equitable Mortgage Co. (Holden, Intervener) (C. C.) 71 F. 556. Among the numerous authorities to the same effect will be found: Central Trust Co. v. St. Louis, A. & T. R. Co. (C. C.) 41 F. 551; Investment Registry v. Chicago & M. Electric R. Co. (D. C.) 204 F. 500; 23 R. C. L. §§ 137–140; 25 C. J. 1007, § 430; 74 Am. St. Rep. 298; 94 Am. St. Rep. 57; Foster's Federal Practice, vol. 1, § 60, page 223; Meyer Rubber Co. v. Georgetown & W. R. Co. (in re Jones), 174 F. 731 (decided by Judge Brawley, C. C., E. D. S. C.).

For the reasons above stated, the court is without jurisdiction, and the rule to show cause must be dismissed.