## GOLDSTEIN v. UNITED STATES.*

(Circuit Court of Appeals, Fifth Circuit. February 6, 1926.)

No. 4588.

1. Bankruptcy ⏥242(2)—Bankrupt's testimony is privileged only when statute requires him to testify (Bankruptcy Act, § 7, subd. 9, and section 21 [Comp. St. §§ 9591, 9605]).

Bankrupt cannot be compelled to testify unless Bankruptcy Act makes it his duty to do so, and it is only in such instances that his testimony is privileged, under section 7, subd. 9, as indicated by section 21 (Comp. St. §§ 9591, 9605), authorizing examination without granting protection against subsequent use of testimony.

2. Bankruptcy ⏥242(2)—Bankrupt may claim protection of Fifth Amendment in any bankruptcy inquiry, statutory prohibition of use of testimony against him in criminal proceeding not granting full immunity from prosecution (Bankruptcy Act, § 7, subd. 9 [Comp. St. § 9591]; Const. Amend. 5).

Bankruptcy Act, § 7, subd. 9 (Comp. St. § 9591), providing that no testimony by bankrupt shall be offered in evidence against him in any criminal proceeding, is not broad enough

*Certiorari denied 46 S. Ct. 483, 70 L. Ed. ——.

11 F.(2d)—38

to grant full immunity from prosecution, and bankrupt may claim protection of Const. Amend. 5, in any bankruptcy inquiry.

3. Bankruptcy ⏥242(2).

Bankrupt may be compelled to produce his books and papers, although they tend to incriminate him.

4. Motions ⏥24—Rule to show cause is summary method of procedure, and order to appear, served on defendant, amounts only to process in plenary suit.

Rule to show cause is summary method of procedure, and order to appear, served on defendant, amounts to no more than process in a plenary suit.

5. Bankruptcy ⏥242(2)—Bankrupt's testimony before referee on order to show cause was not privileged, and its admission in trial for concealing assets and defrauding by use of mails was not error (Bankruptcy Act, § 7, subd. 9 [Comp. St. § 9591]).

Testimony by bankrupt before referee on rule to show cause why he should not deliver property to trustee was not privileged, under Bankruptcy Act, § 7, subd. 9 (Comp. St. § 9591), and its admission in trial of bankrupt for concealing assets from trustee and operating scheme to defraud by use of mails was not error.

In Error to the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

A. Goldstein was convicted of concealing assets from his trustee in bankruptcy, and operating a scheme to defraud by use of the mails, and he brings error. Affirmed.

Jos. E. Pottle, of Milledgeville, Ga., and Wallace Miller, of Macon, Ga., for plaintiff in error.

F. G. Boatright, U. S. Atty., of Cordele, Ga., and B. S. Deaver, Asst. U. S. Atty., of Macon, Ga.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Plaintiff in error, who had been adjudicated a bankrupt, hereafter called defendant, was convicted on two indictments charging the concealing of his assets from his trustee in bankruptcy and operating a scheme to defraud by use of the mails, which were consolidated and tried together without objection. Sentences of two years' imprisonment were imposed on each indictment, to run concurrently, so that the effect is a single sentence, not exceeding what could have been imposed on any count of either indictment.

In the course of the bankruptcy proceedings the trustee filed a petition against de-

fendant to recover certain assets of the estate alleged to be in his possession. On this the referee made the following order:

"The foregoing petition read, considered, and ordered filed. It is ordered by the court that the said A. Goldstein show cause before me at Macon, Georgia, on the 24th day of March, 1922, at 10 o'clock, why he should not deliver to the trustee property described in said petition, and in default thereof, why he should not be certified for contempt of court. Let a copy of this petition and order be served forthwith upon the said A. Goldstein.

"J. N. Talley, Referee in Bankruptcy."

At the hearing on the rule to show cause, plaintiff in error gave certain testimony. The record does not disclose whether he took the stand voluntarily, or was called as a witness by the trustee. We assume that he took the stand in his own behalf, for the purpose of defeating the recovery sought by the trustee; but, in the view we take of the case, that is immaterial.

[1] On the trial of the indictments the testimony given at the hearing before the referee on the rule to show cause was offered in evidence by the government. Defendant objected, on the ground that the testimony was privileged under the provisions of section 7 of the Bankruptcy Act (Comp. St. § 9591), and on no other ground. The objection was overruled, and the testimony admitted.

The only error assigned is to the admission of this testimony. Section 7 of the Bankruptcy Act of 1898, provides:

"*Duties of Bankrupts.*—a. The bankrupt shall (1) attend the first meeting of his creditors, if directed by the court or a judge thereof to do so, and the hearing upon his application for a discharge, if filed; * * * and (9) when present at the first meeting of his creditors, and at such other times as the court shall order, submit to an examination concerning the conducting of his business, the cause of his bankruptcy, his dealings with his creditors and other persons, the amount, kind, and whereabouts of his property, and, in addition, all matters which may affect the administration and settlement of his estate; but no testimony given by him shall be offered in evidence against him in any criminal proceeding. * * * * "

It is evident that the intent of the law is to make it the duty of a bankrupt to make a full disclosure regarding his affairs, for the purpose of facilitating the administration of his estate, and to that extent be compelled to testify, although in doing so he might give testimony that would tend to incriminate him, on the theory that the provision of subdivision 9 affords full protection.

On the other hand, it is clearly not the policy of the law to extend the privilege to any one but the bankrupt, nor to the bankrupt himself when called merely as a witness, in a proceeding in which it is not made his duty to testify. Section 21 of the Bankruptcy Act (Comp. St. § 9605), by virtue of which any person, including the bankrupt and his wife, may be examined concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration, does not grant any protection against the subsequent use of the testimony in another proceeding. McCarthy v. Arndstein, 43 S. Ct. 562, 262 U. S. 355, 67 L. Ed. 1023; Id., 45 S. Ct. 16, 266 U. S. 34, 69 L. Ed. 158.

[2] In other words, giving section 7 of the Bankruptcy Act full effect, the bankrupt cannot be compelled to testify unless the act makes it his duty to do so, and it is only in such instances that his testimony is privileged. And, in passing, it may be noted that the proviso of section 7 is not broad enough to grant full immunity from prosecution, and the bankrupt may claim the protection of the Fifth Amendment in any bankruptcy inquiry. McCarthy v. Arndstein, supra.

[3] It has been strongly intimated that the proviso of section 7, subdivision 9, Bankruptcy Act, may be given full effect by confining it to testimony given under said clause 9. Ensign v. Pennsylvania, 33 S. Ct. 321, 227 U. S. 592, 57 L. Ed. 658. And a bankrupt may be compelled to produce his books and papers, although they tend to incriminate him. Ex parte Fuller, 43 S. Ct. 496, 262 U. S. 91, 67 L. Ed. 881.

[4, 5] A rule to show cause is a summary method of procedure, and an order to appear served on a defendant amounts to no more than process in a plenary suit. See Morehouse v. Pacific Hardware & Steel Co., 177 F. 337, 100 C. C. A. 647. The filing of the petition would seem to connote that the trustee was in possession of sufficient evidence to support his claim, and that discovery from the bankrupt was not necessary to that end. In the proceeding in which he testified, defendant was under no duty to either appear in person or testify. He might have appeared purely through counsel to resist the demand, or he might have allowed the rule to go by default, which would have been the natural consequence if he made no return. The referee did not have the power

to commit him for contempt. Had he certified him for contempt to the judge, he could then have claimed the protection of the Fifth Amendment. He did not claim his constitutional protection in testifying before the referee, as he might have done, had he been placed on the stand by the trustee. If he took the stand voluntarily he could not claim even that. Powers v. U. S., 32 S. Ct. 281, 223 U. S. 303, 56 L. Ed. 448.

We think, under the circumstances of this case, the testimony given before the referee on the rule to show cause was not privileged, under the provisions of section 7, Bankruptcy Act, and it was not error to admit it in the trial of the criminal case.

Affirmed.