**LEE, Comptroller, v. FREEMAN et al.**

**No. 7765.**

Circuit Court of Appeals, Fifth Circuit.

Nov. 13, 1935.

Cary D. Landis, H. E. Carter, and J. V. Keen, all of Tallahassee, Fla., for appellants.

Pope F. Brock and William K. Meadow, both of Atlanta, Ga., Orville A. Park and Harry S. Strozier, both of Macon, Ga., and John M. Harlan, of New York City, for appellees.

Before SIBLEY and WALKER, Circuit Judges, and HOLMES, District Judge.

WALKER, Circuit Judge.

After the properties of the Georgia, Florida & Alabama Railroad Company (herein referred to as the G. F. & A.) had been leased to the Seaboard Air Line Railway Company (herein referred to as the Seaboard), and after a receiver of the properties of the Seaboard had been appointed by the United States District Court for the Eastern District of Virginia and by the United States District Court for the Southern District of Florida, receivers of the properties of the G. F. & A. were appointed by the United States District Court for the Mid-

dle District of Georgia in a suit brought in that court by creditors of the G. F. & A., and a copy of the bill of complaint in that suit and of the order therein appointing receivers were filed in the District Court for the Southern District of Florida, pursuant to a provision of section 56 of the Judicial Code, 28 USCA § 117. By the terms of the lease the Seaboard was obligated to pay interest on bonds issued by the lessor and all taxes on the leased properties. Those properties included a line of railroad, aggregating in length of main track approximately two hundred miles, part of which is located in the Middle District of Georgia and the remainder of it in the Southern District of Florida. The appellees, the receivers of G. F. & A., by verified petition filed in the suit in which the order appointing them receivers was made, sought an injunction restraining the appellants, the Comptroller of the State of Florida and the sheriff of Leon county, Fla., their agents, deputies, etc., from proceeding with the hereinafter mentioned proposed sale of properties in Florida of G. F. & A. That petition was filed after the making of orders by the District Court for the Southern District of Florida in the Seaboard receivership case directing the receivers appointed therein to disaffirm the G. F. & A.'s lease to the Seaboard, directing the Seaboard receivers, after the receivers of G. F. & A. had declined to take possession of the leased properties in Florida, to operate said leased properties in Florida for the account of the receivers of G. F. & A., permitting the Comptroller of the State of Florida to proceed with the enforcement of tax liens against property in Florida of G. F. & A., and authorizing the Seaboard receivers to deliver possession of that property upon a sale having been made under the warrant of said Comptroller, and after the execution by that official of a warrant directing the sheriff of Leon county, Fla., to collect by levy and sale of property of G. F. & A. taxes due thereon in the amount of $55,931.70, and the giving by that sheriff of notice of sale of described properties of G. F. & A. located in Florida, to satisfy said warrant of said Comptroller for said amount of taxes, plus the costs and expenses of levy and sale. Said petition filed by the appellees contained the following:

"Your petitioners are wholly without any funds with which to pay the taxes due to the State of Florida, which said taxes, by the terms of the said lease to the Seaboard Air Line Railway Company, above referred to, were payable by said Seaboard Air Line Railway Company; and your petitioners are informed and believe that the Receivers of the said Seaboard Air Line Railway Company have sufficient funds in their possession derived from the operation of the said line of railway and properties of the defendant with which to pay said taxes.

"There is now pending in the United States Circuit Court of Appeals for the Fifth Circuit an appeal by your petitioners from an order made in the United States District Court for the Southern District of Florida on October 23rd, 1934, in a proceeding which involves the question as to the proper basis upon which the Receivers of the Seaboard Air Line Railway Company shall account to your petitioners for the operation of the line of railway and properties of the defendant, on which appeal your petitioners contend that the Receivers of the Seaboard Air Line Railway Company are now indebted to your petitioners, and should immediately account therefor to your petitioners, in a sum of money more than ample to pay the taxes now due to the State of Florida; and your petitioners allege that if said appeal is determined in favor of your petitioners they will, in all probability, be paid sufficient funds with which, subject to the order of this Court, they may pay said taxes above referred to; and your petitioners, therefore, submit to this Court that the interests of the State of Florida will in no way be prejudiced, and the interests of the Receivership estate of this defendant will be conserved by restraining and enjoining the sale of the corpus of said Receivership estate pending the determination of the appeal above referred to."

Upon the submission of the cause upon the verified petition filed by the appellees, the verified answer of appellants, J. M. Lee, as Comptroller of the State of Florida, and Frank Stoutamire, as sheriff of Leon county, Fla., and upon evidence introduced by both parties, the court, on March 22, 1935, rendered the decree appealed from, whereby it was ordered:

"That the said J. M. Lee, as Comptroller of the State of Florida, and the said Frank Stoutamire, as sheriff of Leon county, Fla., their agents, deputies, employees, representatives and attorneys, be and they are hereby jointly and severally restrained and enjoined from proceeding further with the proposed sale of any of the properties of the Georgia, Florida & Alabama Railroad Company, and are further restrained from attempting to sell the same at any time, or in any wise hindering, molesting or interfering with any of said properties until the further order of this court."

The decree appealed from is challenged upon the sole ground that when that decree was rendered the court rendering it did not have jurisdiction of property of G. F. & A. in Florida. The record contains a stipulation entered into by counsel for the appellants and appellees concerning the questions to be presented on appeal, whereby it was stipulated that the only question to be presented to this court on the appeal is "whether or not the United States District Court for the Middle District of Georgia, at the time of entering its order of March 22, 1935, had jurisdiction of the subject-matter of the petition of the receivers, to wit, properties of the Georgia, Florida & Alabama Railroad Company located in the state of Florida."

The contention that when the decree under review was rendered the court rendering it did not have jurisdiction of properties of G. F. & A. located in Florida is based on the provision of paragraph 1 of the decree appointing appellees receivers of the property and assets of G. F. & A. which gave them full power and authority forthwith to take possession of all the property and assets of G. F. & A., real, personal, and mixed, of every nature and description, and wheresoever situated, expressly excluding properties leased to the Seaboard under the above-mentioned lease, and on the provision of that decree "that the Receivers are expressly directed not * * * to re-enter or take possession of the premises leased to the Seaboard Air Line Railway until the further order of this court."

The paragraph of the decree containing the above referred to provision conferring power on the receivers to take possession of property of G. F. & A.

was immediately preceded by the following, the initial part of that paragraph: "That Leon S. Freeman and Philip Weltner be, and they hereby are, appointed receivers in equity of all and singular the property and assets of the defendant, real, personal, and mixed, of every nature and description and wheresoever situated, including (but without limiting the generality of the foregoing) all goods, chattels, rights, credits, moneys, accounts, lands, tenements, books, papers, vouchers, effects, cash in hand or in banks, things in action, stocks in safekeeping receipts for shares of stock or securities, bills and accounts receivable, bonds, securities deeds, leases, contract, muniments of title, interests, privileges, licenses, assets and property of all and every kind, character and description whatsoever, of said defendant, wheresoever situated, whether held in its own name or for its benefit by trustees, agents or others, together with all rents, issues, profits, tolls and income, accruing and to accrue thereon."

That decree contained the following:

"2. That said receivers are further authorized and empowered to sue for, collect, receive and take into their possession all goods, chattels, * * * lands, tenements, * * * things in action, * * * assets and property of all and every kind, character and description whatsoever, of said defendant of which they are appointed receivers, wheresoever situated, and with full power and authority to operate, conduct and carry on the business of the defendant, and to incur such reasonable expenses as may be necessary or advisable in connection with the exercise of the powers granted to them. * * *"

"3. That the defendant, its officers, directors, attorneys, agents and employees and all persons claiming to act by virtue of or under it and all officers, marshals and sheriffs and all other persons, firms and corporations whatsoever and wheresoever situated, located or domiciled, are hereby restrained and enjoined from in any way prosecuting any suits or proceedings of any kind, nature or description against the defendant, or in any way interfering with, attaching, levying upon or in any manner whatsoever disturbing any portion of the assets, goods, moneys, property and premises of which the receivers are hereby appointed, or from taking possession of or in any way inter-

fering with the same or any part thereof, or in any way disturbing the possession of the receivers or from interfering in any manner to prevent the discharge by the receivers of their duties in the operation of the property and premises under the orders of this court."

"4. That the receivers shall retain possession of said property of the defendant and shall continue to discharge their duties and trusts aforesaid until the further order of this court in the premises. * * *"

Provisions of the decree appointing receivers of the properties of G. F. & A. indicate the purpose of the court to take as full control of the properties leased by G. F. & A. to the Seaboard as was possessed by the lessor prior to the rendition of that decree, and to forbid all persons, firms, and corporations whatsoever from taking possession of or in any way interfering with that property or any part thereof. The fact that the receivers, though authorized to collect rents owing to G. F. & A. and operate, conduct, and carry on its business, were forbidden to re-enter or to take possession of the rented property "until the further order of the court," was entirely consistent with the decree having the effect of vesting the court with full jurisdiction and control of the leased property. The restriction on the power conferred on the receivers by the decree meant, not that the court refrained from taking full jurisdiction and control over the leased properties, but that it withheld from its receivers the power to terminate the lease to the Seaboard, or to re-enter or to take possession of the leased property until the further order of the court. As to that property the decree had the effect of putting the court in the place of the lessor. The receivers, being authorized to collect the rents, were in the shoes of the lessor, with the qualification that they were forbidden to terminate the lease or to re-enter or to take possession of the leased premises "until further order of this court," which reserved to itself power in that regard. Wiswall v. Sampson, 14 How. 52, 14 L. Ed. 322; 35 C. J. 1212. In the just-cited case, wherein long ago the Supreme Court declared and enforced the duty of a court to protect from interference property in possession of its receivers, the property actually was in the physical possession of a tenant. The property leased by G. F. & A. to the Seaboard was a subject of the suit in which the appellees were appointed receivers, and under the statute (28 USCA § 117) appellees, upon giving bond as required by the court, immediately were vested with full jurisdiction and control over all the property, the subject of the suit, lying or being within the Fifth Judicial Circuit; and the court, having jurisdiction both of the receivers and the subject of the suit, had power to prevent interference with that property lying or being within such circuit. McGibbony v. Lancaster (C. C. A.) 286 F. 129; Link v. Powell (D. C.) 57 F.(2d) 591.

When a court exercising jurisdiction in equity appoints receivers of all the property of a corporation, the court assumes the administration of the estate, and while that property is so in the custody of the court it is not subject, without the sanction of the court, to be seized and sold under a lien for taxes. Atlantic Trust Co. v. Chapman, 208 U. S. 360, 370, 28 S. Ct. 406, 52 L. Ed. 528, 13 Ann. Cas. 1155; In re Tyler, 149 U. S. 164, 181, 13 S. Ct. 785, 37 L. Ed. 689.

We are of opinion that the contention that when the decree appealed from was rendered the court rendering it did not have jurisdiction of property of G. F. & A. located in Florida is not sustainable. That decree is affirmed.