**CARTER et al. v. POWELL et al.**

No. 9032.

Circuit Court of Appeals, Fifth Circuit.

June 13, 1939.

Rehearing Denied July 14, 1939.

See 104 F.2d 1012.

Theo. T. Turnbull and Wm. P. Simmons, Jr., both of Tallahassee, Fla., for appellants.

Jos. F. Johnston, of Norfolk, Va., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

By ancillary petition in the court below, the appellees sought and obtained a permanent injunction restraining the enforcement against them of an order, promulgated by the Florida Railroad Commission, which prohibited the operation of a dining car by any railroad in the state, unless the same should be continuously in charge of an employee having the rank of dining car steward. It was alleged that the order was invalid, because it infringed upon the constitutional rights of the railroad, and unlawfully interfered with the possession and operation of appellees, as receivers. A permanent injunction alone was sought.

On November 7, 1938, the district court allowed the petition to be filed, required notice thereof to be given to appellants, and directed them to show cause before it, on November 19, 1938, in the Southern District of Florida, why the relief sought should not be granted. A copy of the petition and order to show cause were attached to a process issued by the clerk, and served on appellants in the Northern District of Florida. On the date named in the order, the appellants filed a special appearance and moved to dismiss the petition on the ground that the court had not acquired jurisdiction over the persons of appellants, because they could be sued only in the district of their residence. The motion was denied; appellants refused to plead further; and after hearing evidence, a final decree was entered on the same

HUTCHESON, Circuit Judge, dissenting.

day permanently enjoining the enforcement of the order against the appellees.

The appellants do not attack the original jurisdiction of the receivership court. By filing a special appearance, they have raised purely a question of venue; they have merely asserted a privilege granted to defendants in actions not local, when sued outside of the district of their residence. They contend that the provisions of section 56 of the Judicial Code, 28 U.S.C.A. § 117, do not destroy the venue privileges of defendants in actions brought by receivers; that the purpose of said section was only to enable receivers to control certain properties outside of the district of their appointment, and not to grant them procedural advantages which the owners of the property did not have. This was the only point they raised in the court below.

■ We think the district court did not err in upholding its ancillary jurisdiction over appellants. The tracks, road-bed, and other property of a fixed character extended into both judicial districts of Florida. Therefore, when the court below originally acquired jurisdiction in this suit, it issued an injunction restraining all persons from interfering with the possession and management of its receivers. As a court of equity it took possession of the railway property, so that, thereafter, neither the writ of attachment nor execution might seize it. All claims and controversies concerning it were required to be presented to the court of original jurisdiction before the ordinary processes of the law might reach it. Deeming the subject of their trust in danger of loss or destruction, the appellees, by ancillary bill, applied to the court which appointed them to exercise its power to protect the res in their possession.

■ Since this case comes within the provisions of said section 56, process may issue and be executed throughout the circuit to the same extent as if the property were wholly within the same district. Therefore, process was properly issued by the district court in the Southern District of Florida, and executed in the Northern District thereof, where the appellants resided. We think this matter was decided against appellants in Public Utilities Commission v. Landon, 249 U.S. 236, 39 S.Ct. 268, 63

L.Ed. 577, wherein the court approved the ruling and the reasoning in the case of Landon v. Public Utilities Commission, D.C., 234 F. 152. This court has recognized the jurisdiction of a federal court in Georgia, in a receivership case, to enjoin an officer of the State of Florida from selling a part of the railroad's property for taxes. Lee, Comptroller v. Freeman, 5 Cir., 79 F.2d 868.[1]

■ Appellants also contend that the order to show cause was insufficient process. This defense comes too late, having been made for the first time in the briefs in this court. The appellants therefore waived all defenses which they did not present by motion or answer, except failure to state a cause of action or lack of jurisdiction of the subject matter. See Rule 12 of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Furthermore, No. 73 (b) of said rules requires the notice of appeal to designate the judgment or part thereof appealed from; and we have seen that the notice of this appeal designated only that portion of the "order and judgment" denying the motion to dismiss on the ground that the court had no jurisdiction to entertain the suit. As this motion was properly overruled, the regularity of the process and the merits of the matter were not brought to this court for review. The statement of points and designation of contents of record on appeal indicate that nothing else was intended to be relied on by appellants in this court. Under the new rule cited, the appellants were not required to, and did not, appeal from the entire judgment.

■ Special statutory authority is not necessary to authorize a federal court to exercise its ancillary jurisdiction.[2] This was not original but ancillary process. The appellants did not object to it because it did not allow the twenty days for answer fixed by Rule 12. They appeared specially, and, when their plea was overruled, asked for no additional time, declined to plead further, made no motion to modify the judgment or set it aside, did not appeal from it except in part, did not mention it in their statement of points, and failed to bring a complete transcript of the record into this court.

---

[1] See, also, The Business of the Supreme Court of the United States—A Study in the Federal Judicial System, by Felix Frankfurter, 39 H.L.R. 325, 356.

[2] Murphy v. John Hofman Co., 211 U. S. 562, 569, 29 S.Ct. 154, 53 L.Ed. 327.

We are not holding that a defendant may not enter a special appearance under the new rules. Conceding such appearance in this case, we are holding that the motion to dismiss for want of jurisdiction was properly overruled, and that the appellants have limited the scope of this appeal to that particular point. There being no error in the court's ruling in this respect, the portion of the judgment appealed from is

Affirmed.

SIBLEY, Circuit Judge (concurring).

The appellants, defendants below, were served by the Marshal with a process signed by the Clerk of the Court and under the seal of the Court which fully described the parties and the case and stated the time and place of hearing, to which were attached a copy of the petition and of the order of the Judge allowing its filing and fixing a hearing twelve days later. None of these papers mentioned an interlocutory hearing or contemplated anything except a final trial. The defendants appeared in court and specially moved to dismiss the petition for want of jurisdiction in the court over their persons, since they resided in the Northern District of Florida. This motion was proper under Rule of Civil Procedure 12(b) (2), 28 U.S.C.A. following section 723c. It was overruled and a trial had in which they declined to participate. The decree was for a perpetual injunction, and included a judgment overruling the special motion.

The defendants, as was their right under Rule 73(b) appealed from that part only of the decree which overruled their motion. They designated as record to be sent up only that bearing upon that motion, and in obedience to Rule 75(d) served a statement of the points intended to be relied on, towit: 1. The Court erred in taking jurisdiction and making appellants parties. 2. Appellants could be sued only in the Northern District of Florida where they were inhabitants. I think it is the clear duty of the appellate court on such an appeal and on a record so made up to decide only the points specified. We all agree that they are not well taken, according to Public Utilities Commission v. Landon, 249 U.S. 236, 39 S.Ct. 268, 63 L.Ed. 577. The judgment ought accordingly to be affirmed.

But if we ought to go further and examine whether the process is sufficient to support a final decree the same result should be reached. The process was not merely the Judge's order, but the Clerk's paper, issued under the seal of the Court. It was more nearly in the old form than that suggested in the appendix to the Rules, Form 1, 28 U.S.C.A. following section 723c, but it contained in substance what is required by Rule 4. I think its main irregularity lies in naming dates for pleading and trial earlier than the Rules fix, on this point following the order of the Judge rather than the Rules. This irregularity or insufficiency might have been objected to by motion, just as the venue was objected to, Rule 12(b) (4), but it was not. By the plain provision of Rule 12(h) the insufficiency of the process was thus waived. The defendants were content with the form of the process if they could be sued in the Southern District of Florida. This was again made perfectly clear when they appealed only on the question of venue and specified that as the only point relied on in the appeal. It would be a serious breach of the scheme of the Rules to allow a pleader to do away with Rule 12(b) and Rule 75(d) by calling his motion to dismiss a "special appearance". The Rules provide for no such appearance, but they do give full protection to all the rights formerly preserved by such an appearance, in the motions provided in Rule 12. Granting that the process here was irregular, its insufficiency was waived and the judgment should be affirmed. There is no complaint that the final decree is wrong either in law or fact.

HUTCHESON, Circuit Judge (dissenting).

Because, I believe that the opinion of my colleagues is not only formalistically legalistic, and rigorous to an extreme, but demonstrably unsound, I with deference dissent and give my reasons for dissenting.

Haled into the District Court by summary order and process appropriate only to an interlocutory hearing the appellants, appeared specially to the order and process, and only to contest the jurisdiction of the court over their persons. They found themselves, however, their special appearance denied, subjected to a final judgment in personam, which there having been neither personal service, waiver of summons nor voluntary appearance to the petition, the court was without power to render against

them. Clark v. Wells, 203 U.S. 164, 27 S. Ct. 43, 51 L.Ed. 138. Appealing from that judgment they urge here the greatly substantial point, that without process, waiver of it, or voluntary appearance by them, they have had the constitutionality of a state statute adjudicated against them in a suit in personam. They are denied relief, however, on what it seems to me, are not only technical grounds, but grounds having no real relation to what actually occurred.

This Court says to Appellants: (1) You waived the right to a summons, as provided in and by the rules, by filing what you intended to be a special appearance to the show cause order; and (2) if you did not waive process you waived the point you now make as to its insufficiency by not making it below; and (3) you cannot be heard to raise it here, because in designating the portion of the order and judgment appealed from, the contents of the record and the statement of points on appeal, you did not set this matter out with sufficient definiteness to bring it before us.

The Majority opinion, thus in effect, holds that under Rule 12, of the Rules of Civil Procedure, a defendant appearing specially, not to a summons under the Rules, but to a show cause order and only to contest personal jurisdiction over him, no matter how carefully he makes that intention clear, must be held to have appeared generally, so as to support an in personam, judgment on the merits against him. It holds too, that appeals Rule 73(b), requires precision and accuracy of such a high order in bringing matters up for review, that an appellant, though he has been adjudicated without process or appearance, may not seek a reversal on those grounds, unless he has made and preserved them with technical accuracy both below and on appeal.

With deference, I think that these holdings are completely violative of the spirit of the new Federal Rules, and without support in any rule or decision. I think, too, they are in the face of the peremptory re-

quirements of Rule 1, Scope of Rules, "they shall be construed to secure the just, speedy, and inexpensive determination of every action," and of Rule 61, "the court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." [28 U.S.C.A. following section 723c.]

I am of the opinion that the judgment entered was wholly unauthorized and I see nothing in the conduct of Appellants or in the record which prevents this court from rendering the correct judgment of reversal the record requires.

Suing to enjoin as unconstitutional an order of the Railroad Commission of Florida, entered pursuant to State law, and in accordance with the procedure it provided, plaintiff receivers alleged: (1) That the order was arbitrary and unreasonable; (2) that compliance with it would cause substantial expense and loss; (3) that the respondents were charged by the laws of Florida with the duty of enforcing valid orders and will unless restrained, enforce said order against petitioners, by prosecution, the exaction of penalties and otherwise; (4) that the property of the Railway Company is in the actual possession and control of petitioners as receivers; (5) that the enforcement of the order of the Commission will constitute an unreasonable, unlawful and unconstitutional interference with the receivers in their possession and operation, and (6) that the court has jurisdiction to entertain the bill. The prayer was (1) that the Court take jurisdiction of the petition, and direct that process be served on the respondents, requiring each of them to appear and answer within the time required by law and the rules and practice of the Court, (2) that upon final hearing an injunction issue.

Notwithstanding that there was no prayer for temporary injunction, the Court issued a peremptory order to show cause [1] answerable within seven days, and the clerk instead of issuing the summons as provided for in Division 2, Rule 4 of the Rules,

---

[1] The order of the Court dated November 7, 1938, directed that the petition be filed; that the council for petitioner give notice to Counsel for all parties of record of the time and place of hearing of the petition, and that the clerk give notice that the petition has been filed and will be heard on November 19, 1938; that if the defendants have any cause why the prayer of the petition should not be granted, they shall appear and file with the clerk not less than five days prior to November 19, an answer to the petition setting forth any cause they have against the granting of it.

Appendix of Forms, Form 1, Summons,[2] merely issued process on the show cause order.[3]

To this order, appropriate only to a hearing for temporary injunction, respondents appeared specially, precisely declaring that they were appearing for the sole and only purpose of contesting the jurisdiction of the Court over their persons and for no other purpose whatever. Thus appearing, they moved the Court to dismiss the petition for want of jurisdiction on the following grounds: That the actual residence of the respondents is in another district and the Court of this district has no jurisdiction to entertain the suit.

Nothing was said in the Lower Court about, no appearance was made by defendants for the purpose of presenting, the point that the process, sufficient if venue existed, to support an interlocutory order, was insufficient to support a final judgment. The special appearance was limited precisely and particularly to answering the show cause order and to presenting the point of venue. On the day set for the hearing of the show cause order, defendants' venue point was overruled on the authority of Public Utilities Commission v. Landon, 249 U.S. 236, 39 S.Ct. 268, 63 L.Ed. 577. This was a case in which a state rate order being involved, the court had under a show cause order, issued a *temporary injunction*.

Thereafter without process upon or appearance by respondents to the petition, in fact without more than a recitation in the final decree "the court overrules the motion and the respondents refusing to plead further, proceeds to final judgment on the testimony offered on behalf of petitioners," the court adjudicated the constitutionality of the order against respondents.

The appellants, in their notice of appeal, gave "notice of an appeal from that portion of a certain order and judgment of the court denying the motion of respondents set out in their special appearance to dismiss the petition on the ground that the court had no jurisdiction to entertain the suit."

In their designation of the contents of the record they designated the petition, the order to show cause, the writ, the special appearance, and the order denying the motion to dismiss which was contained in and a part of the final decree. In their statement of points, they state that they intend to rely on the following points, on appeal: (1) That the court erred in taking jurisdiction of the petition, (2) they are not suable in a district not of their residences. Appellees, "In addition to that portion heretofore designated by said respondents," designated "The Findings of Fact, Conclusions of Law and Final Decree," and all of these are in the record. In Appellant's brief, two points are made on the record as brought up: (1) That the suit ought to have been brought in the district of the residence of defendants; (2) that the order to show cause issued by the lower court was insufficient process, and the service thereof did not bring appellants within the jurisdiction of the District Court, so as to support the final judgment against them, and they having filed only a special appearance to a show cause order to object to venue for the purposes of the order cannot be made to stand in final judgment without the summons the rules require.

While one of my colleagues disclaims holding that special appearances are abolished by the new rules, I think it must be conceded, as my other colleague in ef-

---

2 Form 1.—Summons

District Court of the United States for......

Civil Action, File Number......

A. B., Plaintiff ⎤
vs. ⎬ Summons
C. D., Defendant ⎦

To the above-named Defendant:

You are hereby summoned and required to serve upon......, plaintiff's attorney, whose address is......, an answer to the complaint which is herewith served upon you, within 20 days after service, of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against

you for the relief demanded in the complaint.

.....................
Clerk of Court
(Seal of the U. S. District Court)
Dated ......

3 The only process issued in the case was a notice to the defendants; that the petition had been filed, that on November 7, the Court had entered an order upon the petition and that pursuant to the terms of the order, defendants not less than five days prior to the date of hearing should file an answer to the petition setting forth cause against the granting thereof and against the entry of an order as prayed for in it.

fect does, in his concurring opinion, that unless the new rules have deprived respondents of the right to appear specially, their special appearance to the show cause order, limited and qualified as it was, put them in court only to the extent and for the purpose of the special appearance, that is of raising the venue question. In Clark v. Wells, 203 U.S. 164, 27 S.Ct. 43, 45, 51 L.Ed. 138, it is on full consideration and authority, decided that "no valid judgment in personam can be rendered against a defendant without personal service upon him in a court of competent jurisdiction, or waiver of summons, and voluntary appearance therein." Thus, it is settled by this and other authorities that a special appearance does not have the effect of bringing a defendant into court except for the purpose of the special appearance, nor does it deprive him of the right to object to the manner of service upon him. Goldey v. Morning News, 156 U.S. 518, 15 S.Ct. 559, 39 L.Ed. 517; Wabash Western R. Co. v. Brow, 164 U.S. 271, 17 S.Ct. 126, 41 L.Ed. 431. The right to appear specially in the Federal Court is substantial and where no affirmative relief is asked and the intention to appear specially is plain, inaptness or even incoherency in making clear that the appearance is only special, does not constitute a waiver. Creager v. Collier & Son Co., D.C., 36 F.2d 781, 782, Findlay v. F. E. C. Railroad Company, 5 Cir., 68 F.2d 540, 541. There is no provision in Rule 12 or in any of the rules touching special appearances, nor is there a statement or even intimation that the right of special appearance has been abrogated. While I think it clear that a special appearance is no longer necessary because a defendant may in accordance with Rule 12, preserve all and waive none of his defenses, I think it equally clear that neither Rule 12 nor any of the others have even attempted to abolish such appearances. And I think therefore, that it is an unwarranted construction of the rules, which places respondents specially appearing as here, to a show cause order, to raise a question of venue, in the position of having voluntarily appeared, to subject themselves to a final judgment in personam on the merits.

In the course of the preparation of the rules, the question of abolishing special appearances was several times brought up, and as I understand it, in one preliminary draft, special appearances were abolished.

But this effort was abandoned the rules as adopted are completely silent upon this point, and I do not believe that the courts have the power in effect to write this provision into the rules by construing them thus drastically. In the official Bar discussion on the rules at Cleveland, Washington, and at New York, to the question submitted, Question: Rule 12(b)—do the new rules abolish entirely special appearances? The answer was uniformly given. "The nature of the appearance is determined by the action taken, a formal statement of appearance and its nature is not needed, although it is not prohibited."

At one point in the Washington proceeding the question was asked as to whether a special appearance is required. The answer was that it was not formally required. "We felt that no formal requirement of pleading only specially, or of saying you plead only specially, should be stated when the circumstances show even more clearly what you are doing than does any such statement. So, you don't have to file such a document to preserve your rights." During the Cleveland proceedings, Chairman Mitchell in answering the question whether a special appearance was required stated, "Now under the new system you do not have to label an appearance as general or special. You do not under the present system. The Supreme Court has said, that the nature of an appearance depends on the essence of what you are asking for, and not the label you are attaching to it."

The opinion of the majority declares that no matter how clear your intention to appear specially for the purpose of raising a particular point, if that point is not well taken, you waive all other objections, including want of summons, and subject yourself to plenary judgment although you have not been served with summons, and have been warned in, only by and specially appeared to, a show cause order appropriate only to interlocutory or summary proceedings. I therefore, dissent from the view that respondents submitted themselves by their special appearance at all except to raise the venue point in an interlocutory proceeding. I dissent with equal vigor from the view that the present Appellate rules are so rigidly conceived and are to be so rigidly interpreted as that a defendant who has been adjudicated without process or appearance may not, on a record fully disclosing the vice in it, obtain relief from the judgment merely

because of supposed defects in his Appellate proceedings.

In my opinion the appeal record is neither defective nor insufficient. Everything that is needed for the decision of the point is in it. But if it were, I think it clear that it would be the right and duty of this court to permit its perfecting. Especially is this so when as here contrary to their intention and over their strenuous efforts to protect themselves against the effects of a general appearance, Appellants have been compelled to stand in judgment in a suit in personam, over the constitutionality of a State Statute without any process as provided by the rules having been served upon them, and without their having appeared. All that the record shows, all that occurred is an order to show cause and a special appearance to that order. The rule to show cause is a summary method of procedure. Goldstein v. U. S., 5 Cir., 11 F.2d 593, except in bankruptcy and receivership cases where the rule affects title or possession of a res within the summary jurisdiction of the court and except in the case of an interlocutory order such as a temporary injunction, a rule to show cause will support an order only where there is a statute authorizing its issuance and the rule is issued strictly under the statute. Ency. of Pleading & Practice, Summary Proceedings; Mitchell on Motions and Rules 2, Ed. Page 6; In re Gary, 120 La. 1028, 46 So. 12.

Since the petition attacked the order as unconstitutional the District Judge was prevented by Section 380, 28 U.S.C.A., from issuing interlocutory orders in the cause. He should not have issued, he had no jurisdiction to proceed on, the show cause order. Since therefore, no final process was served on respondents and they did not appear to the petition but only specially to the order to show cause, the District Court was without jurisdiction to proceed to judgment against them by interlocutory order because this required a court of three judges, or by final order since there was neither summons nor voluntary appearance. To permit the judgment to stand is I think, to completely deprive respondents of their day in court and to subject them contrary to settled and established practice to a judgment in personam without process or voluntary appearance. In the concluding sentence of the concurring opinion, it is erroneously said, "There is no complaint that the final decree is wrong either in law or fact."

With deference, the complaint of Appellant is, that the decree is fundamentally wrong, both in law and fact; that entered without jurisdiction it is a nullity and therefore, completely wrong. What the concurring opinion in effect does, is to ignore the fact that the Appellants have had no hearing in the court below on the merits of the issue, and to decide the merits against them, because of their not having appeared below, Appellants correctly confine their complaint here to the fundamental error of entering a decree, without jurisdiction over, them, and wholly correctly, I think, decline to raise or enter into any question as to the merits. I dissent from the result and from the differing, but in my opinion equally invalid, reasons given for it by my colleagues.